UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAL H. SMITH, | ) | No. ED CV 06-996-PJW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

Plaintiff challenges the decision of Defendant Social Security Administration (hereinafter "the Agency"), denying his claim for disability insurance benefits. Plaintiff alleges that the Administrative Law Judge ("ALJ") failed to properly consider the treating doctor's opinion that Plaintiff was disabled. He also argues that the ALJ failed to consider the side effects of Plaintiff's medication and include them in the hypothetical to the vocational expert. For the following reasons, the Court concludes that the Agency erred and remands the case to the Agency for further proceedings.

In July 2004, Plaintiff had a heart attack and underwent surgery to unblock his coronary arteries. (Administrative Record ("AR") 123-

52.)  The doctor who performed the surgery, Dr. Siva Arunasalam, continued to treat Plaintiff following the surgery.  (AR 195-212.) Dr. Arunasalam's notes indicate that he believed that Plaintiff's condition precluded him from working.  (AR 198 (filled out disability form), 201 ("avoid working"), and 202 ("it is time for him to go on disability").)  The ALJ rejected Dr. Arunasalam's opinion and relied, instead, on the medical expert's opinion that Plaintiff could perform light work.  (AR 13.)  Plaintiff challenges this finding by the ALJ. He argues that the ALJ failed to specify the reasons for rejecting Dr. Arunasalam's opinion and that the evidence did not support the ALJ's finding.  (Joint Stip. at 4.)  The Court agrees.

A treating doctor's opinion is entitled to greater weight than a non-treating, examining doctor's opinion or a non-examining doctor's opinion.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  In order to reject a treating doctor's opinion that is contradicted by non-treating doctors, an ALJ must set forth specific and legitimate reasons for doing so that are supported by substantial evidence in the record.  *Id*.

The ALJ failed to do that in this case.  He never once mentioned Dr. Arunasalam by name, never set forth what his opinion was, and never explained why he was rejecting it.  Though he summarized Dr. Arunasalam's records in some detail, he never explained why Dr. Arunasalam's opinion that Plaintiff could not work was wrong.  (AR 12-13.)  Instead, the ALJ simply stated that he was relying on the medical expert's testimony and explained why:

> The medical expert's testimony is considered highly probative. It is consistent with the medical record, is based on objective medical evidence, takes account of the various recommendations,

2

1      and accords the claimant every reasonable benefit of the doubt.
2      The undersigned adopts [the medical expert's] residual functional
3      capacity assessment.
4 (AR 13.)
5      This is simply not enough to justify accepting the medical
6 expert's opinion that Plaintiff can work over the treating doctor's
7 opinion that he can not.  The ALJ must do more than explain the basis
8 for accepting the medical expert's opinion; he must also explain why
9 he is rejecting the treating doctor's opinion.  *Id*.  His failure to do
10 so mandates reversal.
11      The Agency disagrees.  It argues that, in fact, the ALJ set forth
12 sufficient reasons for rejecting the treating doctor's opinion when he
13 summarized the medical expert's testimony.  (Joint Stip. at 6.)  The
14 Agency notes, for example, that the medical expert had reviewed Dr.
15 Arunasalam's records and opinions and had still come to the conclusion
16 that Plaintiff could work.  (Joint Stip. at 6-7.)  Under the Agency's
17 view, the ALJ's adoption of the medical expert's opinion was an
18 implicit adoption of the medical expert's rejection of the treating
19 doctor's opinion and should be upheld.  The Agency also argues that,
20 in concluding that Plaintiff could work, the medical expert had
21 properly relied on the opinions of the examining doctors, who opined
22 that Plaintiff could work, and this was enough to reject the treating
23 doctor's opinions.  (Joint Stip. at 7-8.)
24      These arguments are rejected.  The ALJ was required to explain in
25 detail why the treating doctor's opinion was not accepted.  By
26 circumventing this requirement, this Court (and anyone else who reads
27
28

the ALJ's decision) is unable to understand why the ALJ rejected the treating doctor's opinion and evaluate whether that decision was right.

The Agency also argues that the treating doctor's opinion was simply a disability opinion, which is not entitled to deference. The Court agrees that some of Dr. Arunasalam's opinions were disability opinions and were not entitled to any weight. For example, Dr. Arunasalam noted at various times that Plaintiff was disabled or should be on disability. (AR 198, 202.) Though the ALJ was not required to accept these opinions, other findings by Dr. Arunasalam that supported his view that Plaintiff should not work were entitled to deference. In July 2004, Dr. Arunasalam opined that the stress of work was contributing to Plaintiff's heart condition. (AR 202.) Almost a year later, Dr. Arunasalam placed restrictions on Plaintiff "in terms of weight and length of physical activity." (AR 212.) These views--and others like them--were legitimate subjects for Dr. Arunasalam to comment on as Plaintiff's treating physician and should have been addressed by the ALJ in determining whether Plaintiff could work. On remand, the ALJ should address Dr. Arunasalam's findings and explain why he is accepting or rejecting them.

In Plaintiff's second claim of error, he contends that the ALJ erred when he failed to properly consider the side effects of Plaintiff's medications, which, according to Plaintiff, included tenderness, muscle fatigue, and dizziness. (Joint Stip. at 9.) The Agency argues that the medical expert considered these side effects when he performed his evaluation in this case and that he included certain limitations to accommodate them, which the ALJ adopted.

1  (Joint Stip. at 10-11.)  For the following reasons, the Agency's
2  argument is rejected.
3      The ALJ is supposed to take into account adverse side effects
4  caused by medication in evaluating a claimant's ability to work.
5  *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)(en banc).  In
6  his decision denying Plaintiff's application for benefits, the only
7  reference to any side effects was contained in the following two
8  sentences:

> The claimant exercised to 10.4 METS showing that he would
> not likely have significant fatigue.  The claimant's
> medications are not likely to cause fatigue.

(AR 13.)

There is no explanation as to how the ALJ arrived at this conclusion.  Nor is there a discussion about what medications Plaintiff was taking when he took the METS test.  The ALJ also failed to explain the significance of exercising to 10.4 METS.  Thus, there is no way to evaluate the ALJ's findings regarding fatigue.  As to dizziness and tenderness, the ALJ did not discuss them at all, which was error.

In his third claim of error, Plaintiff argues that the ALJ failed to include the side effects in the hypothetical to the vocational expert.  The Court agrees.  On remand, the ALJ should address Plaintiff's claimed side effects and determine which exist and which do not exist.  As to any that he finds exist, he should include them in the hypothetical to the vocational expert.

Finally, the Court recognizes that it has the authority to reverse the Agency's decision and remand the case to the Agency for an award of benefits, which is what Plaintiff seeks.  But the Court

concludes that remand is appropriate here to give the Agency a chance to remedy the errors in this case.  *See Marcia v. Sullivan*, 900 F.2d 172, 176-77 (9th Cir. 1990).

IT IS SO ORDERED

DATED:     January  16 , 2008.

                                                  PATRICK J. WALSH
                                                  UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SMITH, H 996\Memo_opinion.wpd